**UNITED STATES of America, Plaintiff,**

v.

**Diego Mauricio TORRES SANCHEZ, Defendant.**

**No. CR–96–158.**

United States District Court, E.D. New York.

Nov. 6, 1996.

Al Garcia, Special Assistant U.S. Attorney, for U.S.

Douglas Morris, The Legal Aid Society, Brooklyn, NY, for defendant.

*MEMORANDUM AND ORDER*

GLASSER, District Judge:

This case raises an interesting question of first impression. The defendant pleaded guilty to Count One of a Two Count indictment charging him with importing heroin into the United States in violation of 21 U.S.C. § 952(a). It is not disputed that the net weight of the heroin, secreted in various pieces of camera equipment, was 5.03 kilograms. That amount of heroin would have triggered 21 U.S.C. § 960(b)(1)(A) which provides for a term of imprisonment of not less than ten years and not more than life.

The government, however, agreed to permit the defendant to plead to an offense punishable by a term of imprisonment of not more than twenty years, with no mandatory minimum, pursuant to 21 U.S.C. § 960(b)(3). The plea agreement, entered into between the parties provided, among other things, that the defendant would not appeal a sentence imposed within or below the applicable Sentencing Guidelines range as determined

by the court, even if that sentence exceeded the range estimated in the agreement to be 70–87 months.

The presentence report calculated the total offense level to be 27 which, with a criminal history category of I, established a guidelines range of 70–87 months as predicted by the plea agreement. The defendant objected to the report insofar as it failed to include a two-level "safety valve" reduction pursuant to U.S.S.G. § 2D1.1(b)(4). The Probation Department concurred in that position and reduced the total offense level to 25, establishing a guidelines range of 57 to 71 months. The government also concurred in that view and in addition, urged an additional one-level adjustment because the defendant agreed to be voluntarily deported. The total offense level would then be reduced to 24 and a guidelines range of 51 to 63 months. Viewed in context, an offense punishable by a mandatory minimum of 120 months (a guidelines level of 32) and assuming a two-level "safety valve" adjustment yielding an offense level of 30 or 97–121 months, is thus reduced six levels to 24 and a guidelines range of 51 to 63 months.

I questioned the applicability of the safety valve provisions to this case and declined to invoke it, believing as I do that the extraordinary result thus produced could not have been intended either by Congress or by the Sentencing Commission ("the Commission") and is arguably not supported by a reading of the relevant provisions of the Sentencing Guidelines, namely, U.S.S.G. §§ 5C1.2 and 2D1.1(b)(4).

The sparse legislative history research revealed begins with §§ 80001(a) and (b) of the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103–322, 1994 HR 3355, which reads, in relevant part, as follows:

Sec. 80001. LIMITATION ON APPLICABILITY OF *MANDATORY MINIMUM PENALTIES* IN CERTAIN CASES (Emphasis added)

(a) In General ... Section 3553 of title 18, United States Code, is amended by adding at the end the following new subsection:

(f) LIMITATION ON APPLICABILITY OF *STATUTORY MINIMUMS* IN CERTAIN CASES. (Emphasis added).

That section then continues to prescribe the five criteria in that statute which has come to be referred to as the "safety valve" provision.

Sec. 80001(b) directs the Sentencing Commission to promulgate guidelines or amendments to guidelines, to carry out the purposes of § 80001(a):

(b) In the case of a defendant for whom the statutorily required minimum sentence is 5 years, such guidelines and amendments to guidelines ... shall call for a guide level range in which the lowest term of imprisonment is at least 24 months.

The congressional direction to the Commission in § 80001(b) in this regard is instructive. Although not articulated in legislative history, upon analysis it is a further indication of the clear intent of the Act to provide a "safety valve" for less culpable offenders who would otherwise be subject to a statutorily mandated minimum, viz.: The guideline offense level reflecting a statutorily required minimum sentence of 5 years would be 26 which, given a criminal history category of I, is 63–78 months. The less culpable offender is typically a courier whose role is deemed to be minimal warranting a 4 level decrease and whose acceptance of responsibility warrants a further decrease of 3 levels. If the § 3553(f) factors are satisfied, an additional 2 level decrease pursuant to § 2D1.1(b)(4) reduces the offense level to 17 or 24–30 months.

Pursuant to that provision, the Sentencing Commission promulgated § 5C1.2 captioned *Limitation on Applicability of Statutory Minimum Sentence in Certain Cases* and which begins thus:

In the case of an offense under 21 U.S.C. §§ 841, 844, 846, 960 or 963, the court shall impose a sentence in accordance with the applicable guidelines *without regard to any statutory minimum sentence* if the court finds that the defendant meets [the criteria in § 3553(f)(1–5)]. (Emphasis added).

Two cases decided by the Court of Appeals for this Circuit before November 1, 1995, the effective date of § 2D1.1(b)(4), have held that 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2

have no application to a defendant not subject to a statutorily required minimum. In *United States v. Gaston*, 68 F.3d 1466 (2d Cir.1995), the Court rejected the defendant's contention that he qualified for the "safety valve" provision, holding that § 3553(f) "is limited to departures from statutory minimum sentences and does not authorize departure from the Guidelines." In *United States v. Thompson*, 76 F.3d 442 (2d Cir. 1996) decided after the effective date of § 2D1.1(b)(4) but addressing a sentence imposed upon the defendant in January, 1995, prior to its effective date, the defendant urged the applicability to him of § 3553(f) which was also rejected. The Court observed "[p]lainly, Congress could, if it wished, eliminate statutory minima altogether and have all defendants sentenced strictly in accordance with the Guidelines. Its choice to limit the applicability of statutory minimum sentences in certain cases was well within the scope of its power." 76 F.3d at 456. That observation may be said to be dicta since, in any event, § 2D1.1(b)(4) would not have been applicable to the defendant whose offense level was 24.

Effective November 1, 1995, the Commission amended U.S.S.G. § 2D1.1(b) by adding the following subdivision:

> (4) If the defendant meets the criteria set forth in subdivisions (1)–(5) of § 5C1.2 (*Limitations on Applicability of Statutory Minimum Sentences in Certain Cases*) and the offense level determined above is level 26 or greater, decrease by 2 levels. (Emphasis mine).

The issue squarely presented in this case is whether U.S.S.G. § 2D1.1(b)(4) applies whether or not the offense of which the defendant was found guilty was subject to a statutory minimum. The defendant and the government both contend that neither *Gaston* nor *Thompson* are apposite for the reason that § 2D1.1(b)(4) was not applicable in either and therefore did not address the issue presented here. I must agree with that contention, but decide nevertheless that § 2D1.1(b)(4) is applicable only in the case where the defendant is subject to a statutory minimum.

Section 2D1.1(b)(4) was added by Amendment numbered 515 of the Sentencing Commission Guidelines Manual. That Amendment also repromulgated § 5C1.2. The Commission's Note to the Amendment is as follows:

> Section 80001(b) of the Violent Crime Control and Law Enforcement Act of 1994 directs the Commission to promulgate guidelines and policy statements to implement section 80001(a) (providing an exception to otherwise applicable statutory minimum sentences for certain defendants convicted of specified drug offenses). Pursuant to this provision, the Commission promulgated § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) as an emergency amendment, effective September 23, 1994. Under the terms of the congressionally-granted authority, this amendment is temporary unless repromulgated in the next amendment cycle under regularly applicable amendment procedures. *See* Pub.L. No. 100–182, § 21, set forth as an editorial note under 28 U.S.C. § 994. This amendment repromulgates § 5C1.2, as set forth in the 1994 edition of the *Guidelines Manual,* with minor editorial changes. In addition, this amendment adds a new subsection to § 2D1.1 to implement *this provision* by providing a two-level decrease in offense level for cases meeting the criteria set forth in § 5C1.2(1)–(5). The effective date of this amendment is November 1, 1995. (Emphasis added).

The reference to *"this provision"* § 2D1.1(b)(4) was intended to supplement is plainly a reference to § 5C1.2 which by its terms is limited in its applicability to statutory minimum sentences. Had Congress and the Commission intended to make § 2D1.1(b)(4) applicable to any offense whether or not subject to a statutory minimum sentence, that guideline would read: "If the defendant meets the criteria set forth in subdivisions (1)–(5) of § 5C1.2 . . . ." The reference to "Limitation on Applicability of Statutory Minimum Sentences" would be superfluous.

The government's reference to *United States v. Dortch*, 98 F.3d 1364 (D.C.Cir.1996)

is inapplicable. The "safety valve" provision was appropriately applied to a defendant subject to a statutory minimum.

Declining to apply the "safety valve" provision for the reasons indicated, results in an offense level of 63–78 months. The defendant is hereby sentenced to a term of imprisonment of 63 months, a 3 year term of supervised release, and a special assessment of $50. The government's motion to dismiss Count Two is granted.

The view expressed concerning the applicability of U.S.S.G. § 2D1.1(b)(4) will, in all likelihood, not be tested on appeal in this case. Incident to his guilty plea is the defendant's agreement not to file an appeal as has been indicated above. That agreement is binding upon the defendant. *See United States v. Yemitan,* 70 F.3d 746, 747 (2d Cir. 1995); *United States v. Salcido–Contreras,* 990 F.2d 51 (1993).

SO ORDERED.