*-1474
 
 PER CURIAM:
 

 This case presents the question of whether U.S.S.G. § 2Dl.l(b)(4) can be applied in cases in which the defendant is not subject to a statutory mandatory minimum sentence. The district court concluded, over the objection of both the defendant and the government, that Section 2Dl.l(b)(4) is not applicable in such a case. Applying the plain language of the Sentencing Guidelines, we disagree. We therefore vacate the defendant’s sentence and remand for resen-tencing.
 

 Background
 

 In June 1996, defendant Kwabena Osei arrived at the John F. Kennedy International Airport in New York City aboard a commercial flight from Ghana. United States Customs Service inspectors observed Osei behaving nervously and detained him for inspection. Osei consented to X-rays, which revealed seventy-nine condoms containing 691.1 grams of heroin. Osei admitted to customs agents that he had been hired to import the heroin into the United States.
 

 Osei was indicted the following month for importation of a controlled substance, in violation of 21 U.S.C. § 962(a), and for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a). Pursuant to a plea agreement with the government, Osei pleaded guilty on September 9, 1996, to Count One of the indictment, charging him with violating 21 U.S.C. § 952(a). Although Osei was subject to a five-year mandatory minimum term of imprisonment based on his having imported more than 100 grams of heroin,
 
 see
 
 21 U.S.C. § 960(b)(2)(A), the plea agreement provided that he would instead be sentenced under 21 U.S.C. § 960(b)(3), which does not require a minimum sentence. Judge Glasser accepted that plea.
 

 The United States Probation Department then prepared a Pre-Sentence Report,
 
 [1]
 
 in which it calculated a base offense level of 28 and recommended that Osei receive a four-level sentence reduction based upon his minimal role in the offense, see U.S.S.G. § 3B1.2(a), a three-level reduction based upon his acceptance of responsibility for the crime,
 
 see
 
 U.S.S.G. § 3El.l(b), and the two-level reduction pursuant to § 2Dl.l(b)(4) that is at issue in this appeal. This recommendation, along with a further uncontested one-level downward departure for Osei’s agreeing to stipulate to an Immigration and Naturalization Service order of exclusion, would have yielded a sentence of imprisonment as low as 27 months.
 

 On December 13, 1996, Osei appeared before Judge Glasser for sentencing. Judge Glasser accepted all of the recommendations in the Pre-Sentence Report except the recommendation that Osei receive a two-level reduction under § 2Dl.l(b)(4). Relying on his opinion in
 
 United States v. Torres Sanchez,
 
 945 F.Supp. 482 (E.D.N.Y.1996), in which he held that § 2Dl.l(b)(4) may not be invoked in cases in which the defendant is not subject to a statutory mandatory minimum sentence, Judge Glasser concluded that Osei, by virtue of having negotiated a plea agreement under which he was not subject to a mandatory minimum sentence, could not be the beneficiary of a two-level reduction under § 2D1.1(b)(4). Having refused to grant the two-level reduction, Judge Glasser sentenced Osei to 33 months imprisonment, three years supervised release, and a special assessment of fifty dollars.
 

 Osei challenges his sentence on appeal, arguing that
 
 Torres Sanchez
 
 was wrongly decided and that the district court accordingly erred in refusing to grant him a two-level reduction pursuant to § 2Dl.l(b)(4). The United States government agrees.
 

 Discussion
 

 Defendants who, like Osei, are convicted of importing controlled substances are sentenced under U.S.S.G. § 2D1.1 (Unlawful Manufacturing, Importing, Exporting, Trafficking, or Possession; Continuing Criminal Enterprise). One subdivision of that section, U.S.S.G. § 2D1.1 (b)(4), provides that, “[i]f the defendant meets the criteria set forth in subdivisions (l)-(5) of § 5C1.2 (Limitation on
 
 *-1473
 
 Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level 26 or greater, decrease by 2 levels.”
 
 [2]
 

 Osei’s base offense level was greater than 26. Nonetheless, despite the apparent mandate of § 2Dl.l(b)(4), the district court refused to consider whether Osei had met the five conditions listed in § 5C1.2.
 
 [3]
 
 Instead, citing his opinion in
 
 Torres Sanchez,
 
 Judge Glasser reiterated his belief that § 2Dl.l(b)(4) may be invoked only by those defendants who are subject to a statutory mandatory minimum sentence. Upon
 
 de novo
 
 review of this legal issue,
 
 see United States v. Lewis,
 
 93 F.3d 1075, 1079 (2d Cir. 1996), we reject the district court’s conclusion.
 

 In
 
 Torres Sanchez,
 
 Judge Glasser stated that
 

 [h]ad Congress and the [Sentencing] Commission intended to make § 2Dl.l(b)(4) applicable to any offense whether or not subject to a statutory minimum sentence, that guideline would read: “If the defendant meets the criteria set forth in subdivisions (l)-(5) of § 5C1.2_” The reference to “Limitation on Applicability of Statutory Minimum Sentences” would be supérfluous.
 

 Torres Sanchez,
 
 945 F.Supp. at 484. But that is, in fact, precisely how that guideline
 
 does
 
 read. The reference to “Limitation on Applicability of Statutory Minimum Sentences” is merely a parenthetical recitation of the title of § 5C1.2. The Guidelines regularly include the title of any cross-referenced section in parenthesis, and nothing can be inferred from their doing so here.
 

 Had the Sentencing Commission intended to limit the application of § 2D1.1 to those defendants who are subject to a mandatory minimum sentence, it could easily have done so by providing: “If .the defendant is subject to a statutory mandatory minimum sentence and meets the criteria set forth in subdivisions (1) — (5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), and the offense level determined above is level 26 or greater, decrease by 2 levels.” Instead, Congress and the Commission chose to draft § 5C1.2 in such a way that, by its plain terms, it applies whenever the offense level is 26 or greater and the defendant meets all of the criteria set forth in § 5C1.2(l)-(5), regardless of whether § 5C1.2 applies independently to the case.
 

 Moreover, if the Commission had intended the two-level reduction to be given only to defendants who are subject to mandatory minimum sentences, it would logically have located the reduction directly within § 5C1.2, which applies only to those defendants who are subject to such mandatory sentences. Instead, it placed the reduction in § 2D1.1,
 
 *-1472
 
 which applies to
 
 all
 
 defendants who have been convicted of drug crimes, regardless of whether or not they are subject to mandatory minimum sentences. We therefore conclude that the language and structure of the Sentencing Guidelines provide no basis for the district court’s conclusion and, instead, support the position taken by the appellant and the government.
 

 We also believe that the rule in
 
 Torres Sanchez
 
 would, in many circumstances, produce unlikely results, results that we are loathe to say could have been intended by Congress and the Commission.
 
 Cf. Griffin v. Oceanic Contractors, Inc.,
 
 458 U.S. 564, 575, 102 S.Ct. 3245, 3252, 73 L.Ed.2d 973 (1982) (“[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.”).
 

 The case at bar is a good example. Had Osei failed to obtain a plea bargain promise from the government that he would not be subject to a mandatory minimum sentence, he would have received a two-level reduction under § 2Dl.l(d)(4). To subject Osei to a longer sentence as a result of his attorney’s ability to secure such a promise in the plea agreement makes little sense, and does not comport with the fundamental principle underlying the Guidelines that like cases be treated alike.
 
 See, e.g., United States v. Alvarez,
 
 914 F.2d 915, 918 (7th Cir.1990) (“The Guidelines are intended to create standardized ranges for similar crimes and to treat similarly situated defendants equally.”); U.S.S.G. Ch.l, Pt.A(3) (policy statement) (in choosing to create the Guidelines, “Congress sought reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders”). Furthermore, the fact that Osei would, in effect, be punished for his successful plea bargain seems at odds with the principle that “the Guidelines must be interpreted in light of the traditions and purposes of sentencing in imposing the most
 
 rational
 
 sentences the system will permit.”
 
 United States v. DeRiggi,
 
 893 F.Supp. 171, 174 (E.D.N.Y.) (emphasis added),
 
 aff'd,
 
 72 F.3d 7 (2d Cir.1995);
 
 see also United States v. Kinder,
 
 64 F.3d 757, 772 (2d Cir.1995) (Leval,
 
 J.,
 
 dissenting) (“[T]he general statutory mandate governing the imposition of sentences, 18 U.S.C. § 3553(a), directs courts to fashion a rational harmonious sentencing policy, furthering the enumerated goals of sentencing.”),
 
 cert. denied,
 
 — U.S.—, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996).
 

 Nor is this case the only situation in which
 
 Torres Sanchez
 
 would produce peculiar results. For instance, offenses involving hashish and hashish oil carry base offense levels as high as 38.
 
 See
 
 U.S.S.G. § 2Dl.l(c)(l). Those who import analogously large quantities of heroin and cocaine are assigned similar offense levels. But since there apparently is no mandatory minimum sentence for hashish-related offenses,
 
 see
 
 21 U.S.C. §§ 841(b), 960(b) (setting out mandatory minimum penalties for importing heroin, cocaine, and other specified drugs, but not for importing hashish and hashish oil), those defendants who import hashish, unlike those who import heroin and cocaine, would not be eligible under
 
 Torres Sanchez
 
 for a two-point reduction pursuant to § 2Dl.l(b)(4). They might thus end up serving a longer sentence than those defendants who imported equivalent amounts of the other drugs, even though Congress’s apparent decision not to subject hashish offenders to mandatory minimum sentences would seem to signal, if anything, that Congress finds hashish defendants
 
 less
 
 culpable than cocaine and heroin offenders.
 

 On its face § 2Dl.l(b)(4) applies to all defendants convicted of drug crimes whose base offense level is 26 or greater so long as they meet the criteria listed in § 5C1.2(1)-(5), and regardless of whether they are subject to a mandatory minimum sentence. We believe that imposing a further limitation on the application of § 2Dl.l(b)(4) could produce unjustifiable results. Accordingly, we agree with the defendant and the United States Government that
 
 Torres Sanchez
 
 was wrongly decided and is not the law in this circuit. We therefore vacate Osei’s sentence and remand to the district court for a determination of whether Osei has met the criteria listed in § 5C1.2(1) — (5). If he has, he should
 
 *-1471
 
 be given a two-point reduction pursuant to § 2Dl.l(b)(4).
 

 [1]
 

 . The Pre-Sentence Report was filed under seal. All references in this opinion to the contents of that report are to information recounted in the unsealed briefs.
 

 [2]
 

 . Section 5C1.2 provides:
 

 In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1) — (5) set forth verbatim below:
 

 (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
 

 (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
 

 (3) the offense did not result in death or serious bodily injury to any person;
 

 (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
 

 (5)not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 

 This section was enacted in response to §§ 80001 of the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103-322, which amended 18 U.S.C. § 3553 to provide a "safety valve” for the least culpable drug offenders who would otherwise be subject to severe mandatory minimum penalties.
 

 [3]
 

 . The government concedes that Osei has, in fact, met those conditions.