**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-6792

JEANETTE BARRETT, a/k/a Jeanetty
Barrett,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-6809

JESSE LEE BARRETT,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Irene M. Keeley, District Judge.
(CR-95-11, CA-97-61-3, CA-97-9-3)

Submitted: January 20, 1999

Decided: June 22, 1999

Before WILLIAMS and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Martin Patrick Sheehan, SHEEHAN & NUGENT, Wheeling, West Virginia; Rocco E. Mazzei, Clarksburg, West Virginia, for Appellants. Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia; Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants seek to appeal the district court's order denying their motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). Appellants were convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Neither Appellant received a mandatory minimum sentence. Appellants assert that they received ineffective assistance of counsel at sentencing because counsel failed to note U.S. Sentencing Guidelines Manual § 2D1.1(b)(4) (1995) ("USSG"), which gives a two-level downward departure to defendants meeting the criteria of USSG § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases). The district court dismissed Appellants' motion on the ground that § 2D1.1(b)(4) did not apply to defendants without mandatory minimum sentences. Appellants asserted that § 2D1.1(b)(4) was not so limited, citing United States v. Osei, 107 F.3d 101, 104 (2d Cir. 1997), and United States v. Mertilus, 111 F.3d 870, 874 (11th Cir. 1997).

To establish counsel was ineffective, Appellants must show that: (1) their counsels' performance fell below an objective standard of reasonableness; and (2) counsels' actions were prejudicial. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). At the time

2

the Appellants were sentenced, the potential applicability of § 2D1.1(b)(4) to defendants who had been convicted of offenses without mandatory minimum sentences was neither obvious from a plain reading of the sentencing guidelines nor the subject of any reported judicial decision. Appellants thus fail to establish that their counsels' failure to argue for a downward departure on the basis of § 2D1.1(b)(4) fell below an objective standard of reasonableness. Accordingly, we deny certificates of appealability and dismiss the appeals. United States v. Barrett, Nos. CR-95-11; CA-97-61-3; CA-97-9-3 (N.D.W. Va. May 20 & June 12, 1998). We deny Jeanette Barrett's motion for appointment of counsel. By separate order we have granted her motion for the preparation of a transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3