**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4889

COREY S. WILLIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-99-19)

Submitted: May 16, 2000

Decided: September 8, 2000

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.*

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

S. Andrew Arnold, Shepherdstown, West Virginia, for Appellant.
Melvin W. Kahle, Jr., United States Attorney, Thoms O. Mucklow,
Assistant United States Attorney, Martinsburg, West Virginia, for
Appellee.

_____
*Judge Murnaghan did not participate in the consideration of this case.
The opinion is filed by a quorum of the panel pursuant to 28 U.S.C.
§ 46(d) (1994).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to his guilty plea, Corey S. Willis was convicted of distributing crack cocaine. On appeal, he alleges that he was entitled to a downward adjustment under USSG § 2D1.1(b)(6) **1** even though he was not subject to a mandatory minimum sentence. Because we find that USSG § 2D1.1(b)(6) operates independently of USSG § 5C1.2, we vacate Willis' sentence and remand the case for resentencing.

The basic facts of this case are straightforward and undisputed. Willis was part of a small group that distributed crack cocaine in Jefferson County, West Virginia. Police ultimately arrested the conspirators after a series of controlled buys.

At sentencing, Willis argued that he was entitled to the USSG § 2D1.1(b)(6) adjustment. Although the Government conceded that Willis satisfied the factors listed in USSG § 5C1.2(1)-(5) and that he had the appropriate offense level, it objected to the adjustment because Willis was not subject to a mandatory minimum sentence.**2** Specifically, the Government argued that a defendant only qualifies for the adjustment if he also qualifies for the"safety valve." The district court accepted the Government's argument and denied Willis' motion.

We review the district court's application of the Sentencing Guide-

_____

**1** **U.S. Sentencing Guidelines Manual** (1998). This section states that: "If the defendant meets the criteria set forth in subdivisions (1)-(5) of [USSG] § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level 26 or greater, decrease by 2 levels."
**2** A mandatory minimum sentence is required for application of the "safety valve" under USSG § 5C1.2.

2

lines de novo. See United States v. Daughtrey , 874 F.2d 213, 218 (4th Cir. 1989). The specific issue presented here is whether USSG § 2D1.1(b)(6) applies only when the defendant is subject to a mandatory minimum sentence (as with USSG § 5C1.2), or whether it is a separate and distinct entity.

In deciding this issue, we find the Second Circuit's decision in United States v. Osei, 107 F.3d 101, 103-04 (2d Cir. 1997), highly persuasive. Osei presented a factual scenario identical to that found in the present case. In finding that USSG § 2D1.1(b)(4)[3] is distinct from USSG § 5C1.2, the Second Circuit reasoned that if the Commission wanted to restrict the application of USSG§ 2D1.1(b)(4) to defendants facing a mandatory minimum sentence, it could have expressly done so. See id.

We agree. The plain language of USSG § 2D1.1(b)(6) merely requires that a defendant meet the criteria found in USSG § 5C1.2(1)-(5); it does not state that the defendant must satisfy any of the other requirements found in that section. See also United States v. Leonard, 157 F.3d 343, 345-46 (5th Cir. 1998) (reaching the same result); United States v. Mertilus, 111 F.3d 870, 873-74 (11th Cir. 1997) (same).

We therefore vacate Willis' sentence and remand the case for resentencing in accordance with Osei. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

VACATED AND REMANDED

_____

**3** In 1997, the Commission redesignated USSG § 2D1.1(b)(4) as subsection (b)(6). See Amendment 555.

3