# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 00-4494

RANDOLPH SCOTT PIPER,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-00-10)

Submitted: October 26, 2000

Decided: November 14, 2000

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

## COUNSEL

Byron Craig Manford, Martinsburg, West Virginia, for Appellant. Melvin W. Kahle, Jr., United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Pursuant to his guilty plea, Randolph Scott Piper was convicted of distributing crack cocaine. On appeal, he argues that he was entitled to a downward adjustment under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(6) (1998),[1] even though he was not subject to a mandatory minimum sentence. Because we find that USSG § 2D1.1(b)(6) operates independently of USSG § 5C1.2, we vacate Piper's sentence and remand the case for resentencing.

At sentencing, Piper argued that he was entitled to the two-level adjustment under USSG § 2D1.1(b)(6). Although the Government conceded that Piper satisfied the factors listed in USSG § 5C1.2(1) - (5) and that he had the appropriate offense level, it objected to the adjustment because Piper was not subject to a mandatory minimum sentence. The district court accepted the Government's argument and denied Piper's motion.

We review the district court's application of the Sentencing Guidelines de novo. *See United States v. Daughtrey*, 874 F.2d 213, 218 (4th Cir. 1989). The specific issue presented here is whether USSG § 2D1.1(b)(6) applies only when the defendant is subject to a mandatory minimum sentence (as with USSG § 5C1.2), or whether it is a separate and distinct entity. In deciding this issue, we find the Second Circuit's decision in *United States v. Osei*, 107 F.3d 101, 103-04 (2d Cir. 1997), highly persuasive. *Osei* presented a factual scenario similar to that found in the present case. In finding that USSG § 2D1.1(b)(4)[2]

---

[1]This section states that: "If the defendant meets the criteria set forth in subdivisions (1) - (5) of [USSG] § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level *26* or greater, decrease by *2* levels."

[2]In 1997, the Commission redesignated USSG § 2D1.1(b)(4) as subsection (b)(6). *See* Amendment 555.

is distinct from USSG § 5C1.2, the Second Circuit reasoned that if the Commission wanted to restrict the application of USSG § 2D1.1(b)(4) to defendants facing a mandatory minimum sentence, it could have expressly done so. *See id.*

We agree. The plain language of USSG § 2D1.1(b)(6) merely requires that a defendant meet the criteria found in USSG § 5C1.2(1)-(5); it does not state that the defendant must satisfy any of the other requirements found in that section. *See also United States v. Leonard*, 157 F.3d 343, 345-46 (5th Cir. 1998) (reaching the same result); *United States v. Mertilus*, 111 F.3d 870, 873-74 (11th Cir. 1997) (same).

Although we affirm Piper's conviction, we vacate his sentence and remand the case for resentencing in accordance with *Osei*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*