**UNITED STATES of America,**
**Appellee,**

v.

**Raffaele ABBATE, Defendant–**
**Appellant.**

**No. 01–1427.**

United States Court of Appeals,
Second Circuit.

Sept. 26, 2002.

Bart G. Van De Weghe, Assistant United States Attorney (for James B. Comey, United States Attorney for the Southern District of New York), Christine H. Chung, Assistant United States Attorney, on the brief, for Appellee.

Patrick T. Burke, Burke, Miele & Golden, LLP, Suffern, NY, for Defendant–Appellant.

Present LEVAL, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.**

On February 28, 2001, Raffaele Abbate pled guilty to one count of making false statements on a loan application to a federally insured financial institution, in violation of 18 U.S.C. § 1014. According to the information to which Abbate pled, between 1995 and 2000 he applied for and obtained $4,651,000 in loans from eighteen financial institutions on behalf of corporate entities he established and owned. Individual loans ranged from $50,000 to $750,000. The loan applications were accompanied by false tax returns and other fraudulent information. Abbate defaulted on the loans and failed to repay the majority of the funds he borrowed. At sentencing, the district court (McMahon, *J.*) determined that the net loss to the victims of Abbate's fraud was $2,690,172. Losses in principal to individual institutions ranged from $13,000 to $737,812.

Abbate's sentencing hearing was held on July 19, 2001, with the district court applying the November 1, 2000 United States Sentencing Guidelines.[1] Relevant to this appeal are two steps of the court's sentencing calculation. First, after having determined a base level of six, pursuant to U.S.S.G. § 2F1.1(a), the court found pursuant to § 2F1.1(b)(1)(N) that thirteen additional levels should be added because the total loss suffered by the financial institutions was between $2.5 million and $5 million. Second, pursuant to § 2F1.1(b)(8)(B), the court added four levels for an offense affecting a financial institution from which the defendant derived more than $1 million in gross receipts. Against the latter enhancement, Abbate argued that § 2F1.1(b)(8)(B) requires a serious consequence to a financial institution, beyond that measured by the losses counted in the loss gradations of § 2F1.1(b)(1). The district court rejected this argument, finding that any effect on a financial institution sufficed under § 2F1.1(b)(8)(B). The court also found that, apart from the principal paid to Abbate, the banks that fell victim to Abbate's fraud suffered other financial losses in the

---

1. Unless otherwise noted, all citations to the United States Sentencing Guidelines in this summary order refer to those effective on November 1, 2000. The provision at issue in this case, U.S.S.G. § 2F1.1(b)(8)(B), has since been deleted and replaced by the more broadly applicable and differently worded two-point enhancement at U.S.S.G. § 2B1.1(b)(12)(A) (Nov. 1, 2001).

form of lost interest, opportunity costs, and legal and administrative costs.

These and other calculations resulted in a total offense level of twenty-two, which, with Abbate's Criminal History Category of I, gave rise to a Guidelines range of forty-one to fifty-one months. The court sentenced Abbate to forty-one months.

"We review *de novo* a district court's legal interpretation and application of the Sentencing Guidelines.... We review factual findings underlying the district court's application of the Sentencing Guidelines for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Carpenter,* 252 F.3d 230, 234 (2d Cir.2001) (internal quotation marks omitted).

On appeal, Abbate continues to press his argument that the words "affected a financial institution" in § 2F1.1(b)(8)(B) refer to and require something more than the losses measured in the loss gradations of § 2F1.1(b)(1). Abbate suggests that these words require a quantum of harm that is greater than the financial losses measured in § 2F1.1(b)(1), though less than a loss that "substantially jeopardized the safety and soundness of a financial institution," as specified in § 2F1.1(b)(8)(A), which sets out an alternative ground for applying the same enhancement. He characterizes this additional quantum as "significant" or "serious" consequences for the financial institution.

In the light of the Guideline's plain meaning, however, Abbate's proposed reading fails. Section 2F1.1(b)(8)(B) requires the enhancement if the offense "affected a financial institution and the defendant derived more than $1,000,000 in gross receipts from the offense." Had the Sen-

tencing Commission wanted to restrict the enhancement to those cases in which there is not just any effect, but a "significant," "serious," or otherwise quantified effect, it certainly would have added language to that effect. "As with statutory language, the plain and unambiguous language of the Sentencing Guidelines affords the best recourse for their proper interpretation." *United States v. Millar,* 79 F.3d 338, 346 (2d Cir.1996); *see also United States v. Osei,* 107 F.3d 101, 103–04 (2d Cir.1997) (*per curiam*).

The plain meaning of § 2F1.1(b)(8)(B) is, moreover, consistent with its context. Congress passed the act from which the guideline derives [2] in response to the savings and loan crisis of the late eighties, and in that act ordered, among other things, heightened penalties for "certain financial-institution-related offenses." H. Rep. No. 101–681(I), 1990 U.S.C.C.A.N. (104 Stat.) 6427, 6473–74, 6582. That the § 2F1.1(b)(8)(B) enhancement applies, as its language specifies, whenever a financial institution is affected reflects this purpose.

We have considered all of Abbate's arguments and find them meritless. We therefore AFFIRM the judgment of the district court.

---

**2.** The Comprehensive Thrift and Bank Fraud Prosecution and Taxpayer Recovery Act of 1990 ("Act"), Pub.L. 101–647, § 2507, 104

Stat. 4862. *See* U.S.S.G. § 2F1.1, comment. (backg'd.).