**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-30492
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY JUWAYNE LEONARD,

Defendant-Appellant.

Appeal from United States District Court
for the Middle District of Louisiana

September 30, 1998

Before JOLLY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Troy Juwayne Leonard pleaded guilty to conspiracy and distribution of cocaine pursuant to a plea agreement in which the Government agreed, *inter alia*, to dismiss three other counts charging Leonard with distribution of cocaine base; to refrain from filing other criminal charges; and to move for downward departure pursuant to U.S.S.G. § 5K1.1, p.s., or FED. R. CRIM. P. 35 if it determined that Leonard had provided substantial assistance. Leonard did not waive his appellate rights. The district court departed downward and sentenced Leonard to concurrent terms of 108 months on each

count.

Leonard does not challenge the validity of his plea, but he argues that the quantity of drugs on which the district court based his offense level is excessive and that the district court erred by failing to decrease his base offense level by two pursuant to § 2D1.1(b)(4).

The probation officer determined that Leonard was responsible for cocaine, cocaine base, and marijuana equivalent to 23,599 kilograms of marijuana, resulting in a base offense level of 36. With a three-level reduction for acceptance of responsibility, Leonard's total offense level was 33, and his criminal history category was I. Leonard faced a ten-year statutory minimum sentence on each count; however, the probation officer recommended that he qualified for the "safety valve" provision of 18 U.S.C. § 3553(f), which authorizes a sentence below the statutory minimum if the defendant meets certain criteria. See 21 U.S.C. § 841(b)(1)(A); § 3553(f); U.S.S.G. § 5C1.2.

The Government moved for a one-level departure pursuant to § 5K1.1.[1] Leonard requested a departure below the statutory minimum pursuant to § 3553(f) and a further downward departure in addition to the one-level departure recommended by the Government. The Government agreed that Leonard qualified for the safety valve provision, but it opposed a sentence below the statutory minimum on the basis that it was uncertain how helpful Leonard's evidence and testimony would be. The district court granted the Government's § 5K1.1 motion for a one-level reduction and Leonard's § 3553(f) motion. The court stated that it was granting Leonard an additional one-level reduction pursuant to § 3553(f). At Leonard's new offense level of 31, his guidelines sentencing range was 108 to 135 months. The court sentenced Leonard to a 108-month term, below the 120-month statutory

---

[1] The Government's motion discusses the possibility of a departure below the statutory minimum pursuant to 18 U.S.C. § 3553(f), but it does not request such a departure.

minimum sentence.

**DISCUSSION**

Section 5C1.2 provides that, if the district court finds that a defendant who has been convicted of certain offenses, including §§ 841 and 846, meets certain criteria,[2] "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence." § 5C1.2; see 18 U.S.C. § 3553(f). There is no dispute that Leonard was eligible for a sentence below the statutory minimum under § 5C1.2. By its terms, § 5C1.2 applies regardless whether the defendant's guidelines sentencing range is above or below the statutory maximum. See § 5C1.2.

Section 2D1.1(a) provides for the determination of base offense levels for drug offenses, attempts, or conspiracies. Leonard's base offense level was computed based on § 2D1.1(a)(3) (the drug quantity table). Section 2D1.1(b)(4) provides:

> If the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined [in § 2D1.1(a)] is level 26 or greater, decrease by 2 levels.

§ 2D1.1(b)(4).

Leonard argues that the district court erred by failing to reduce his offense level by two

---

[2] To be eligible for the "safety valve" of § 5C1.2, the defendant must not have more than one criminal history point; must not have used violence or credible threats of violence or possessed a weapon in connection with the offense; must not have been convicted of an offense resulting in death or serious bodily injury to any person; must not have been an organizer, leader, manager, or supervisor in the offense within the meaning of the guidelines, and must not have engaged in a continuing criminal enterprise; and, not later than sentencing, must have truthfully provided to the Government all information and evidence he has concerning the offense of conviction or related offenses. See § 5C1.2.

3

pursuant to § 2D1.1(b)(4). Had the district court reduced the offense level by two based upon Leonard's satisfying the criteria of §5C1.2(1)-(5), the offense level would have been 30 with a guidelines range of 97-121 months. We agree with Leonard that the trial judge erred, and now we must decide if relief may be accorded him under our circuit's plain error jurisprudence.

The record does not indicate that the district court ever considered the possibility of granting Leonard a departure under § 2D1.1(b)(4). Likewise Leonard failed to object to receiving only a one level reduction. Because Leonard failed to argue for a departure under § 2D1.1(b)(4) in the district court, we must review the district court's judgment under the plain error standard. United States v. Calverly, 37 F.3d 160, 162 (5th Cir. 1994) (En Banc). The Supreme Court has defined plain as being synonymous with "clear" or "obvious." United States v. Olano, 507 U.S. 725, 732-33 (1993). Plain errors are those which are so conspicuous that "the trial judge and prosecutor were derelict in countenancing [them], even absent the defendant's timely assistance in detecting [them]." Calverly, 37 F.3d at 163 (internal citation omitted). Accordingly, there must be error, the error must be plain, and the error must affect appellant's substantial rights. United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997). This circuit has held that even if such error is proven, the decision to correct the forfeited error falls within the discretion of the appellate court. Id. The appellate court will exercise its discretion to make such a correction only when the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. This court will review a district court's failure to depart the guidelines "if the court mistakenly assumed that it lacked the authority to depart." United States v. Flanagan, 87 F.3d 121, 125 (5th Cir. 1996). Additionally, a misapplication of the guidelines may constitute plain

error. United States v. Franks, 46 F.3d 402, 403 (5th Cir. 1995). In Franks, we held that a four-level

4

error in offense level, which apparently caused the defendant to be sentenced to an additional 63 months' imprisonment, mandated a remand for resentencing on plain-error review. Id. at 405. More recently, in United States v. Aderholt, 87 F.3d 740, 744 (1996), this court held that the elements for plain error were satisfied in a similar case involving the misapplication of the Guidelines. In Aderholt, we determined that a sentencing error was evident from a plain reading of the Guidelines and that the defendant was prejudiced by a sentencing error because, absent an upward departure, he would have received a lesser sentence. Id.

The issue of whether § 2D1.1(b)(4) can be applied in cases in which the defendant is not subject to a statutory mandatory minimum sentence is res nova in this Circuit. However, the First, Second and Eleventh Circuits have held, and the D.C. Circuit has stated in dictum, that § 2D1.1(b)(4) mandates a two-level reduction in offense level if the defendant's base offense level is 26 or greater and he satisfies the factors identified in § 5C1.2. See United States v. Robles-Torres, 109 F.3d 83 N.2 (1st Cir. 1997). See United States v. Osei, 107 F.3d 101, 103-05 (2nd Cir. 1997); United States v. Mertilus, 111 F.3d 870, 874 (11th Cir. 1997); United States v. Plunkett, 125 F.3d 873, 874 (D.C. Cir. 1997), cert. denied, ___ U.S. ___, 118 S.Ct. 895 (1998).

In Osei, the defendant, who was convicted of importing heroin, appealed his sentence, arguing that he had been denied the appropriate two level reduction. The Second Circuit held that the Sentencing Guidelines provision for a two level reduction if the defendant meets the criteria set forth in § 5C1.2 and the offense level is 26 or greater applies even when the defendant is not subject to a statutory mandatory minimum sentence. Osei, 107 F.3d at 103.

On its face § 2D1.1(b)(4) applies to all defendants convicted of drug crimes whose

5

base offense level is 26 or greater so long as they meet the criteria listed in § 5C1.2(1)-(5), and regardless of whether they are subject to a mandatory minimum sentence. We believe that imposing further limitation on the application of § 2D1.1(b)(4) could produce unjustifiable results.

Id. at 104. Likewise, the Eleventh Circuit's interpretation of §§ 2D1.1 and 5C1.2 is equally broad: "As long as [a defendant's] . . . base offense level under section 2D1.1 is 26 or greater, a two-level reduction is appropriate if [the defendant] . . . satisfies the five factors delineated in section 5C1.2. Mertilus, 111 F.3d at 874.

The language of § 2D1.1(b)(4) is clear and unambiguous. Its directive is not discretionary. Thus, given that the appellant clearly met the criteria of §5C1.2(1)-(5), his offense level was greater than 25, and he did not waive the error, the district court committed plain error in failing to decrease the appellant's offense level by two instead of one, levels.

The question then becomes whether the plain error affected the substantial rights of the appellant. In United States v. Olano, the Supreme Court explained that in most cases, in order for plain error to affect substantial rights, "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." 507 U.S. at 734, 113 S.Ct. At 1778. In the sentencing context, this court has concluded that if the trial judge, on remand, could reinstate the same sentence, it will uphold the sentence imposed despite the trial court's error. United States v. Ravitch, 128 F.3d at 869; see also United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996) ("Defendant was prejudiced by the error because absent an upward departure, he would have received a lesser sentence.").

Had the district court properly reduced the appellant's offense level by two, instead of one, level based upon appellant's having met the § 5C1.2 criteria, the resulting offense level would have

been 30, instead of 31, and the resulting guidelines range would have been 97-121 months. The appellant was sentenced to 108 months on both counts to run consecutively. On remand the district court could, pursuant to the properly applicable guidelines range of 97-121 months, sentence the appellant to the same sentence. Guided by our decision in Ravitch we hold that any error committed by the district court, determining Leonard's offense level and sentence did not affect his substantial rights. Accordingly, we AFFIRM the judgment of the district court.