**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-11354
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FREDDIE LEE JONES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CR-289)
_____

January 7, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS Circuit Judges.

PER CURIAM:[*]

Freddie Lee Jones, Jr. appeals his sentence for bank robbery. Jones' sole argument on appeal is that the district court misapplied the Sentencing Guidelines by using an old conviction in calculating his criminal history category. For the reasons that follow, we vacate the sentence imposed by the district court and remand this case for resentencing.

Jones pleaded guilty to three counts of bank robbery for

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

robberies that he committed on August 17, August 19, and August 25, 1998. In reliance on the Presentence Report ("PSR"), the district court assigned Jones a criminal history point for each of his five prior convictions, determined that Jones fell within the guideline range of 63-75 months, and sentenced him to 65 months imprisonment and three years of supervised release.

On appeal, Jones argues that the district court violated the sentencing guidelines by assigning him a criminal history point for a March 1988 conviction for theft. He notes that the Guidelines do not permit courts to assign a criminal history point for a prior sentence of less than thirteen months where that sentence was imposed more than 10 years before the defendant's commencement of the current offense. U.S.S.G. § 4A1.1(c), application note 3. Because Jones was sentenced for the 1988 robbery more than ten years before the commission of the instant offenses and for a term of less than thirteen months, he concludes that the court should have sentenced him to a range of 51-63 months rather than 63-78 months.

This court will uphold a sentence imposed by a district court "unless it was imposed in violation of law; imposed as a result of an incorrect application of the sentencing guidelines; or [imposed] outside the range of the applicable sentencing guideline and is unreasonable." United States v. Garcia, 962 F.2d 479, 480-81 (5th Cir. 1992). Ordinarily, we review a district court's application of the sentencing guidelines de novo. United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997). However, because Jones failed

to raise the instant objection during sentencing, we review for plain error.  United States v. Calverley, 37 F.3d 160, 162 (5ᵗʰ Cir. 1994)(en banc).

The Supreme Court defines a plain error as one that is "clear" or "obvious."  United States v. Olano, 507 U.S. 725, 732-33 (1993). As this Court has explained, "Plain errors are those which are so conspicuous that 'the trial court and prosecutor were derelict in countenancing them, even absent the defendant's timely assistance in detecting [them].'" United States v. Leonard, 157 F.3d 343, 345 (1998), *quoting* Calverley, 37 F.3d at 163.  A plain error is an error that is both obvious and affects the defendant's substantial rights.  Leonard, 157 F.3d at 345.  Moreover, even if a defendant demonstrates that the district court committed plain error, this Court need not exercise its power to correct the error unless "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.

The Guidelines provide that the sentencing judge must add 1 criminal history point for each prior sentence of less than sixty days imprisonment.  U.S.S.G. § 4A1.1(c).  However, the Application Notes explain that such a sentence may not be counted if the sentence was "imposed more than ten years prior to the defendant's commencement of the instant offense." U.S.S.G. § 4A1.1(c), cmt. 3.  Furthermore, the Guideline section entitled "Applicable Time Period," reiterates that the sentencing court must not count such a sentence unless "imposed within ten years of the defendant's commencement of the instant

3

offense."  U.S.S.G. § 4A1.2.

The district court clearly misapplied these Guidelines.  At sentencing, the district court explained that it was assigning Jones a criminal history point for each of Jones' prior convictions, including his March 1988 conviction for theft. Because Jones was sentenced for this offense in March 1988, and for a term of 6 months deferred probation, the district court should not have assigned him a criminal history point for this offense. Thus, his guideline range of imprisonment should have been 51-63 months rather than 63-78 months.

We have frequently found plain error where the district court misapplied the Guidelines in a similar manner.  See United States v. Franks, 46 F.3d 402, 405 (5th Cir. 1995) (holding that the district court committed plain error when it relied on the PSR and applied an incorrect base level offense under the Guidelines); United States v. Alderholt, 87 F.3d 740, 744-45 (5th Cir. 1990)(same);  United States v. Hoster, 988 F.2d 1374, 1380-81 (5th Cir. 1993) (holding that the district court committed plain error when, in reliance on the PSR, the court used the wrong guideline for computing the defendant's drug quantity).  See also  United States v. Wallace, 32 F.3d 1171, 1174 (7th Cir. 1994)(holding that the district court committed plain error where it awarded criminal history points for offenses of less than thirteen months that the defendant committed more than ten years before the instant offense).  Moreover, because the district court's error resulted in a higher sentence for the defendant -- perhaps by as much as 14

**4**

months -- the error clearly affected the defendant's substantial rights.  Compare United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998)(holding that district court's error did not affect defendant's substantial rights where original sentence was still permissible under correct guideline range).  Accordingly, we conclude that the district court committed plain error.

For the foregoing reasons, the sentence imposed by the district court is VACATED and REMANDED for resentencing consistent with this opinion.