IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10107
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MARTIN MATHEW WILSON

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:93-CR-2-1-Y
--------------------
September 5, 2000

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Martin Mathew Wilson appeals the 24-month sentence imposed by the district court after it found that he had violated four terms of his supervised release. Wilson argues that the district court committed reversible error at sentencing by failing to recognize that it had the discretion not to revoke his supervised release at all. As the Government argues, because Wilson did not raise this argument in the district court, review is for plain error only. See, e.g., United States v. Leonard, 157 F.3d 343, 345 (5th Cir. 1998). While the district court may have erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluding that it was required to revoke Wilson's supervised release, the Government is correct when it argues that any such error did not affect Wilson's substantial rights. Having reviewed the record, we conclude that nothing in the district court's sentencing suggests that – instead of imposing the most severe sentence in the applicable range – it would have altogether declined to revoke Wilson's supervised release if it had only known that it had the discretion to do so. Accordingly, Wilson has not demonstrated any mistake that rises to the level of plain error. See id. at 346; United States v. Ravitch, 128 F.3d 865, 869-72 (5th Cir. 1990).

AFFIRMED.