IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20826
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID SCOTT EVANS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-615-1
--------------------
June 7, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges

PER CURIAM:[*]

David Scott Evans (Evans) appeals his guilty-plea conviction for aiding and abetting the possession with intent to distribute more than 10 grams of lysergic acid in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), b(1)(A)(v). He contends that the district court erred in assessing him two criminal history points for a prior juvenile adjudication which resulted in his commitment to a mental hospital. He argues that he should have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received only one criminal history point for his juvenile adjudication, which would have made him eligible for the "safety valve" provision of United States Sentencing Guidelines § 5C2.3, thereby reducing his offense level by two points and his guidelines punishment range to 87 to 108 months.

As Evans failed to raise these arguments at the sentencing hearing, we review for plain error. See United States v. McCaskey, 9 F.3d 368, 376 (5th Cir. 1993). As we have not previously addressed whether commitment to a mental hospital constitutes a "sentence to confinement" under U.S.S.G. § 4A1.2(d)(2)(A) or a "sentence of imprisonment" under U.S.S.G. § 4A1.1(b), there can be no plain error with respect to this issue. Even assuming *arguendo* that the district court erred in calculating Evans's criminal history score and that the guidelines range should have been 87 to 108 months, Evans has not shown that the error affected his substantial rights as his sentence of 100 months was within that range. See United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998); United States v. Ravitch, 128 F.3d 865, 871 (5th Cir. 1990).

AFFIRMED.