IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-21039
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN CORNELL JOHNSON,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-306-ALL

---

October 17, 2002

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM[*]:

Steven Cornell Johnson appeals his conviction and sentence following his guilty plea to possession with the intent to distribute crack cocaine, a violation of 21 U.S.C. § 841(a)(1). He raises the following three arguments on appeal: (1) whether 21 U.S.C. § 841(a) and (b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) whether the district court

---

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed plain error in assigning Johnson four criminal history points; and (3) whether the district court erred in enhancing Johnson's sentence pursuant to U.S.S.G. § 2D1.1(B)(1).

Johnson concedes that the issue whether 21 U.S.C. § 841(a) and (b) are unconstitutional in light of *Apprendi* is foreclosed by *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001), and he raises it only to preserve its further review.  The issue is indeed foreclosed by *Slaughter*, as well as by *United States v. Fort*, 248 F.3d 475, 482 (5th Cir.), *cert. denied*, 122 S.Ct. 405 (2001), and we are bound by those decisions absent an intervening Supreme Court decision or a subsequent en banc decision.  *See United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999).

We hold that even if the district court erred in using two 1990 sentences to increase Johnson's criminal history points, Johnson cannot survive the plain error standard of review because notwithstanding the error, the district court could have imposed the same sentence.  *See United States v. Leonard*, 157 F.3d 343, 346 (5th Cir. 1998); *United States v. Alford*, 157 F.3d 825, 830-31 (5th Cir. 1998); *United States v. Ravitch*, 128 F.3d 865, 871 (5th Cir. 1997).[1]  *United States v. Cabral-Castillo*, 35 F.3d 182 (5th Cir.

---

[1]Johnson's counsel, responding to the district court's sentencing inquiry "I didn't think there was any objection to the calculation of the criminal history," stated "No, Your Honor."
We also note in passing that the district court's statements

1994), is not in point because there resentencing of the appellant in question was required anyway on the basis of his properly preserved error and because on the other enhancement objection had been made although not on the appropriate basis.

We further hold that the district court did not clearly err in its imposition of the U.S.S.G. § 2D1.1(b)(1) enhancement.  There is no question that a firearm was present during the offense; therefore, the district court should have applied the enhancement unless it was clearly improbable that the weapon was connected with the offense.  *See* U.S.S.G. § 2D1.1, comment. (n.3).  Possession need only be established by a preponderance of the evidence. *United States v. Webster*, 960 F.2d 1301, 1311 (5th Cir. 1992). Given these standards, the district court's finding was not clearly erroneous.  *See id*.

AFFIRMED.

---

at sentencing suggest that it might well have considered its 188 month sentence appropriate even if it were at the top of the applicable guideline range.