IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40977
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JOSE RAMIREZ-ALANIZ, also known as Arnulfo Gutierrez-Rio, also
known as Florencio Gutierrez Monreal, also known as Jose Campos
Guzman,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-120-1
--------------------
January 31, 2003

Before  BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jose Ramirez-Alaniz ("Ramirez") pled guilty to being present
in the United States following a deportation as a result of an
aggravated felony conviction in violation of 8 U.S.C. ¶¶ 1326(a)
and 1326(b).  Because no objection was lodged in the district
court, he argues that the district court plainly erred by
assigning two criminal history points for two convictions charged

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

under a single cause number and that the felony and aggravated felony provision of § 1326(b)(2) is unconstitutional.

Though the district court may have failed to properly regard Ramirez's two prior convictions as consolidated, this court's rule for correcting sentencing range errors is clear:  even where clear error exists, the error will not be corrected as plain error if the original sentence could be imposed on remand. United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998). Even discounting the two criminal history points, the sentence of 77 months could still be imposed on remand.

As Ramirez concedes, his second argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (U.S. 1998).  In the absence of any convincing argument, the sentence imposed by the district court is AFFIRMED.