**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40753
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

EDUARDO MARQUEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-65-1
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

     Eduardo Marquez ("Marquez") pled guilty to possession of
cocaine with intent to distribute in violation of 21 U.S.C.
§§ 841(a)(1) and (b)(1)(B).  He argues that the district court
plainly erred by assigning an initial offense level of 28 for
possession of 1.2 kilograms of cocaine and that the drug type and
quantity provisions of § 841(a) and (b) are unconstitutional
under Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Though the district court may have failed to properly select the initial offense level, this court's rule for correcting sentencing range errors is clear:  even where clear error exists, the error will not be corrected as plain error if the original sentence could be imposed on remand.  United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998).  As Marquez concedes, his second argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001).  In the absence of any convincing argument, the sentence imposed by the district court is AFFIRMED.