United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21165
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMUNDO GONZALEZ ABAZAN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-204-1
---------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raymundo Gonzalez Abazan appeals his guilty-plea conviction
for possession with intent to distribute 500 or more grams of
cocaine.  He argues that the district court clearly erred in
finding that he was not a minor participant and in denying his
request for a reduction in his offense level under U.S.S.G.
§ 3B1.2.  In pleading guilty, Abazan admitted the facts in the
factual basis which established that he personally loaded and
transported more than 500 grams but less than five kilograms

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of cocaine from Houston, Texas, to Dallas, Texas.  Abazan did not meet his burden of proof to establish that he was substantially less culpable than the average participant.  See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).

For the first time on appeal, Abazan also argues that he was entitled to a four-level reduction in his offense level for his minimal role in the offense and that the district court failed to give reasons for its finding that he was an average participant.  Therefore, review is limited to plain error.  See United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998).  In view of the facts that Abazan admitted when pleading guilty, Abazan has not shown that the district court plainly erred in finding that he was not a minimal participant.  Further, the district court's adoption of the Presentence Report (PSR) was sufficient as the PSR clearly set forth the factual basis for the finding that Abazan was not a minor participant and a review of the record reveals sufficient facts to support the district court's finding that Abazan was an average participant.  See United States v. Peters, 283 F.3d 300, 314 (5th Cir.), cert. denied, 536 U.S. 934 (2002).

Abazan argues that 21 U.S.C. § 841 is unconstitutional in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  He concedes that his argument regarding the constitutionality of the statute is foreclosed by United

States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), but he asserts that he is raising the issue to preserve it for Supreme Court review. This court has specifically rejected the argument that Apprendi rendered 21 U.S.C. § 841 facially unconstitutional. See id. This court is bound by its precedent absent an intervening Supreme Court decision or a subsequent en banc decision; therefore, the issue regarding the constitutionality of 21 U.S.C. § 841 is foreclosed. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). The district court's judgment is AFFIRMED.