United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41582
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TOMAS NMI SANCHEZ-MEDINA,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-298-1
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Tomas Nmi Sanchez-Medina appeals his 50-month sentence

following his guilty-plea conviction for being an alien

unlawfully found in the United States following deportation after

having been previously convicted of an aggravated felony, in

violation of 8 U.S.C. § 1326.  Sanchez asserts that the district

court plainly erred in assigning him three criminal history

points for his prior conviction for evading arrest.  He further

maintains that 8 U.S.C. § 1326(b)(1) and (b)(2) are

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Under U.S.S.G. § 4A1.2(c) and <u>United States v. Moore</u>, 997 F.2d 30, 33 (5th Cir. 1993), Sanchez's 2000 evading arrest conviction arguably should not have been counted for purposes of his criminal history score.  However, because the district court could, on remand, impose the same 50-month sentence, Sanchez fails to demonstrate that his substantial rights were affected by the district court's error in calculating his criminal history category.  <u>United States v. Wheeler</u>, 322 F.3d 823, 828 (5th Cir. 2003); <u>United States v. Leonard</u>, 157 F.3d 343, 346 (5th Cir. 1998).  Consequently, Sanchez fails to satisfy the plain error standard of review.  <u>Id.</u>

Although Sanchez urges us to adopt the reasoning of the Third Circuit as set forth in <u>United States v. Knight</u>, 266 F.3d 203 (3d Cir. 2001), it is the firm rule of this circuit that one panel may not overrule the decisions of another without <u>en banc</u> consideration or an intervening Supreme Court opinion.  <u>See Hoque v. Johnson</u>, 131 F.3d 466, 491 (5th Cir. 1997).  Neither condition is present in this case.  Thus, Sanchez is not entitled to any relief, as set forth in <u>Leonard</u> and its progeny.

Sanchez concedes that his challenge to the constitutionality of 8 U.S.C. § 1326(b)(1) and (b)(2) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review.  <u>Apprendi</u>

did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Accordingly, the district court's judgment is AFFIRMED.