United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**November 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10509
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME FREEMAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:96-CR-00094-2

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerome Freeman appeals the revocation of his supervised release and the twenty-four-month sentence imposed by the district court. He argues that the district court's judgment should be vacated and his case remanded because the district court erred in characterizing his supervised-release violations as Grade B violations under the policy statements set forth by the Sentencing

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Commission, when they were only Grade C violations. Freeman contends that the district court thus considered the incorrect sentence available and an inapplicable sentencing range, in violation of 18 U.S.C. §§ 3583(e) and 3553(a)(4) which require consideration of the appropriate policy statements.

Because Freeman did not assert this argument in the district court, this court's review is for plain error only. *See* Fed. R. Crim. P. 52(b); *United States v. Calverley*, 38 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *abrogated in part*, *Johnson v. United States*, 520 U.S. 461 (1997). As the parties agree, the district court committed error at Freeman's revocation hearing in concluding that the supervised-release violations were Grade B violations, and the error was arguably clear in light of U.S.S.G. § 7B1.1, p.s., and the Texas statutes relating to Freeman's violations. *See Calverley*, 37 F.3d 162-64. However, Freeman fails to demonstrate that the district court's error affected his substantial rights. *See id*.

Although the district court is required under 18 U.S.C. § 3553(a)(4) to consider the applicable policy statements, this court has held that the policy statements relating to revocation of supervised release and resentencing after revocation are advisory only and non-binding. *United States v. Mathena*, 23 F.3d 87, 92-93 (5th Cir. 1994). Because there are no applicable Sentencing Guidelines, this court will uphold a defendant's "revocation and

2

sentence unless it is in violation of law or is plainly unreasonable." *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

The district court's revocation of Freeman's supervised release and its imposition of a twenty-four-month sentence were not in violation of law, but were in accordance with the governing statutory authority, 18 U.S.C. § 3583(e)(3). *See Teran*, 98 F.3d at 836. Because the district court could, on remand, revoke Freeman's supervised release and impose the same sentence (and such a sentence would not be plainly unreasonable), Freeman fails to demonstrate that his substantial rights were affected by the district court's error in classifying his supervised-release violations as Grade B violations. *See United States v. Leonard*, 157 F.3d 343, 346 (5th Cir. 1998). Consequently, he fails to satisfy the plain error standard of review. *Id.; See also United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003); *Calverley*, 37 F.3d at 164.

Accordingly, the district court's judgment is

AFFIRMED.