United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41705
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISRAEL PINEDA-CORTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1010-ALL
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Israel Pineda-Cortes appeals his guilty-plea conviction and sentence for illegal entry after deportation. Pineda argues that a driving-while-intoxicated (DWI) sentence should not have been assigned two criminal-history points because the sentence was imposed more than 10 years prior to the commencement of the instant offense. He also argues that an evading-arrest sentence should not have been assigned any criminal-history points because

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evading arrest is similar to the offense of resisting arrest.

Pineda's DWI sentence should not have been considered in calculating his criminal-history score because it occurred more than 10 years before the instant offense. U.S.S.G. § 4A1.1; see also U.S.S.G. § 4A1.2(e)(2) and (3). Under U.S.S.G. § 4A1.2(c) and United States v. Moore, 997 F.2d 30, 33 (5th Cir. 1993), Pineda's evading-arrest sentence arguably also should not have been counted for purposes of his criminal-history score. However, because the district court could, on remand, impose the same 21-month sentence, Pineda fails to demonstrate that his substantial rights were affected by the district court's error in calculating his criminal-history category. See United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998). Consequently, despite Pineda's argument to the contrary, he fails to satisfy the plain-error standard of review. Id.

Pineda contends that the sentence-enhancing provisions contained in 18 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Pineda concedes that his challenge to the constitutionality of 8 U.S.C. § 1326(b)(1) and (b)(2) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court

must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted). The district court's judgment is AFFIRMED.