United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41289
c/w No. 03-41341
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JESUS EMMANUEL PAREDES, JR

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-517-1
--------------------

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Jesus Emmanuel Paredes, Jr., appeals the sentences imposed

following his guilty-plea convictions for possession with intent

to distribute marijuana in violation of 21 U.S.C. § 841(a)(1)

& (b)(1)(C) and for failure to appear in violation of 18 U.S.C.

§ 3146(a)(1) & (b)(1)(A)(i).

Paredes argues for the first time on appeal that the

district court erred in sentencing him because it did not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

understand how to properly apply U.S.S.G. § 2J1.6.  Because the district court could, on remand, impose the same 92-month combined sentence, Paredes has failed to demonstrate that his substantial rights were affected by any error in the district court's application of U.S.S.G. § 2J1.6.  See United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998).  Consequently, despite Paredes' argument to the contrary, he has failed to satisfy the plain-error standard of review.  Id.

Also for the first time on appeal, Paredes contends that 21 U.S.C. § 841(a) and (b) are facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  As Paredes concedes, his argument is foreclosed by our decision in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).  He raises the issue only to preserve it for possible further review.

AFFIRMED.