**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan RECIO–VALLEJO, Defendant–**
**Appellant.**

No. 03–41668
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 22, 2004.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, Houston, TX, for Plaintiff–Appellee.

Reynaldo Santos Cantu, Jr., Roland E Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Juan Recio–Vallejo ("Recio") appeals his guilty plea conviction and 46–month sentence for illegal reentry into the United States following an aggravated felony conviction in violation of 8 U.S.C. § 1326.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Recio argues that the district court erred in assigning a criminal history point for his sentence for reckless driving. Recio contends that, had his criminal history score been correctly determined, he would have been in Criminal History Category II, rather than in Category III.

Because the issue was not raised in the district court, this court's review is for plain error only. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); FED.R.CRIM.P. 52(b). When reviewing for plain error in the sentencing context, "this court has concluded that if the trial judge, on remand, could reinstate the same sentence, it will uphold the sentence imposed despite the trial court's error." *United States v. Leonard,* 157 F.3d 343, 346 (5th Cir.1998). Recio admits that, even if his criminal history score were corrected, the district court could impose the same 46–month sentence on remand. Accordingly, Recio has not shown plain error. *See id.*

Recio acknowledges that *Leonard* continues to be binding precedent in the sentencing guidelines context, but he contends that this court should apply the presumed-prejudice approach adopted in *United States v. Reyna,* 358 F.3d 344 (5th Cir.) (en banc), *cert. denied,* —— U.S. ——, 124 S.Ct. 2390, 158 L.Ed.2d 966 (2004). One panel may not overrule the decisions of another without en banc consideration or an intervening Supreme Court opinion. *See Hogue v. Johnson,* 131 F.3d 466, 491 (5th Cir.1997). The en banc decision in *Reyna* did not extend the presumption of prejudice to errors that result in the application of an incorrect guideline range. *See Reyna,* 358 F.3d at 353.

For the first time on appeal, Recio argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Recio acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.