United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40820
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

EPIMENIO RAMIREZ-GONZALEZ,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-344-ALL
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Epimenio Ramirez-Gonzalez appeals from his guilty-plea

conviction and sentence for being illegally present in the United

States after being previously deported in violation of 8 U.S.C.

§ 1326.  He argues that the district court erred in imposing a

16-level increase in his offense level pursuant to U.S.S.G.

§ 2L1.2(b)(1)(A) based on his prior aggravated assault

conviction.  He contends that the Sentencing Commission intended

that the 16-level increase should be applied only to those crimes

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of violence that are also aggravated felonies under 8 U.S.C. § 1101(a)(43).  Under the plain language of U.S.S.G. § 2L1.2(b)(1)(A) and its commentary, the district court did not err in imposing the 16-level increase based upon Ramirez-Gonzalez's prior aggravated assault conviction.

Ramirez-Gonzalez also argues that the district court erred by assessing two criminal history points for his prior aggravated assault conviction.  Because this argument is raised for the first time on appeal, it is reviewed only for plain error.  See United States v. Olano, 507 U.S. 725, 732 (1993); FED. R. CRIM. P. 52(b).  When reviewing for plain error in the sentencing context, "this court has concluded that if the trial judge, on remand, could reinstate the same sentence, it will uphold the sentence imposed despite the trial court's error."  United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998)(citations omitted). Ramirez-Gonzalez admits that, even if his criminal history score were corrected, the district court could impose the same 70-month sentence on remand.  Accordingly, Ramirez-Gonzalez has not shown plain error.  See id.

Ramirez-Gonzalez acknowledges that Leonard continues to be binding precedent in the sentencing guidelines context, but he contends that this court should apply the presumed-prejudice approach adopted in United States v. Reyna, 358 F.3d 344 (5th Cir.) (en banc), cert. denied, 124 S. Ct. 2390 (2004).  One panel may not overrule the decisions of another without en banc

consideration or an intervening Supreme Court opinion.  See Hogue v. Johnson, 131 F.3d 466, 491 (5th Cir. 1997).  The en banc decision in Reyna did not extend the presumption of prejudice to errors that result in the application of an incorrect guideline range.  See Reyna, 358 F.3d at 353.

For the first time on appeal, Ramirez-Gonzalez argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.  He thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

Ramirez-Gonzalez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  He seeks to preserve his argument for further review.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.