United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41141
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JOAQUIN PEQUE-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-386-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Jose Joaquin Peque-Perez appeals his guilty plea conviction and 78-month sentence for illegal reentry into the United States following an aggravated felony conviction in violation of 8 U.S.C. § 1326. For the first time on appeal, Peque-Perez argues that the district court erred in assigning a criminal history point for his prior conviction for possession of an open bottle in a vehicle. Peque-Perez contends that, had his criminal

--------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history score been correctly determined, he would have been in Criminal History Category V, rather than in Category VI.

Because the issue was not raised in the district court, this court's review is for plain error only. See United States v. Leonard, 157 F.3d 343, 345 (5th Cir. 1998); FED. R. CRIM. P. 52(b). When reviewing for plain error in the sentencing context, "this court has concluded that if the trial judge, on remand, could reinstate the same sentence, it will uphold the sentence imposed despite the trial court's error." Leonard, 157 F.3d at 346. Peque-Perez concedes that, even if his criminal history score were corrected, the district court could impose the same 78-month sentence on remand. Accordingly, Peque-Perez has not shown plain error. See id.

Peque-Perez acknowledges that Leonard continues to be binding precedent in the sentencing guidelines context, but he contends that this court should apply the presumed-prejudice approach adopted in United States v. Reyna, 358 F.3d 344 (5th Cir.) (en banc), cert. denied, 124 S. Ct. 2390 (2004). One panel may not overrule the decisions of another without en banc consideration or an intervening Supreme Court opinion. See Hoque v. Johnson, 131 F.3d 466, 491 (5th Cir. 1997). The en banc decision in Reyna did not extend the presumption of prejudice to errors that result in the application of an incorrect guideline range. See Reyna, 358 F.3d at 353.

For the first time on appeal, Peque-Perez also argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Peque-Perez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.