**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40923
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JESUS ALBERTO HERNANDEZ-GONZALEZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-204-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Jesus Alberto Hernandez-Gonzalez appeals from the sentence
imposed following his guilty-plea conviction for illegal reentry
into the United States following deportation pursuant to an
aggravated-felony conviction. He first argues that the district
court erred in calculating his criminal history score, which
affected his criminal history category. Hernandez admits that
this error is reviewed only for plain error because he failed to
challenge that calculation in district court. When reviewing for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error in the sentencing context, "this court has concluded that if the trial judge, on remand, could reinstate the same sentence, it will uphold the sentence imposed despite the trial court's error." United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998). Despite Hernandez' arguments to the contrary, Leonard is controlling precedent and may not be overruled by this panel without en banc consideration or an intervening Supreme Court opinion. See Hoque v. Johnson, 131 F.3d 466, 491 (5th Cir. 1997). Hernandez admits that, even if his criminal history score were corrected, the district court could impose the same 70-month sentence on remand. Accordingly, Hernandez has not shown plain error. See id.

Also for the first time on appeal, Herandez argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. He thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

Hernandez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review. Apprendi did not overrule

Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984.

AFFIRMED.