United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51161
Conference Calendar

UNITED STATES OF AMERICA

                                    Plaintiff-Appellee,

versus

EDGAR PORFIRIO ROCHA, also known as Edgar Porfirio-Rocha,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-02-CR-420-1-AML
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Edgar Porfirio Rocha appeals the sentence imposed following
his conviction for conspiracy to possess marijuana with intent to
distribute and aiding and abetting the possession of marijuana
with intent to distribute.  Finding no error, we affirm.

    Rocha's first argument is that the district court erred in
applying the U.S.S.G. § 4B1.1 career offender enhancement to him
based on a prior conviction for sexual assault of a minor.  Rocha
contends that the conviction was actually for statutory rape,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which, according to Rocha, is not a crime of violence for purposes of § 4B1.1. Whatever the merits of his argument, Rocha waived the issue by failing to reurge it at the second sentencing hearing and by conceding that he was a career offender. See United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995). Unlike forfeited issues, which are reviewed for plain error, waived issues are completely unreviewable. Id. Even if we were to review for plain error, Rocha's claim would fail because he has not shown that the error affected his substantial rights. See United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998).

We likewise reject Rocha's argument that, pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), which was extended to the federal guidelines by United States v. Booker, 125 S. Ct. 738, 756 (2005), the district court erred by enhancing his sentence based on the court's findings regarding drug quantity and Rocha's role as a leader. As Rocha did not raise this issue in the district court, we review his sentence for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

The record is devoid of any indication that the district court would have imposed a lower sentence under an advisory as opposed to a mandatory sentencing guidelines scheme. See id. at 521-22. Accordingly, Rocha cannot show that the sentence affected his substantial rights. Id.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.