United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40411
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JUAN CARLOS OVIEDO-MEDINA,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:01-CR-899
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Juan Carlos Oviedo-Medina (Oviedo) appeals the 21-month
imprisonment sentence imposed by the district court after the
revocation of his supervised release.  Oviedo contends that the
district court erred when it considered the wrong recommended
sentencing range when sentencing Oviedo.

     The plain error standard of review applies.  United States
v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct.
43 (2005).  "An appellate court may not correct an error the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" Id. "If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). When reviewing for plain error in a sentencing context, the key inquiry is whether the district court could have imposed the same sentence absent the error. United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998).

Even if a clear and obvious error occurred, Oviedo cannot show that his substantial rights were affected. Oviedo's sentence of 21 months of imprisonment is within the appropriate recommended sentencing range of 18-24 months of imprisonment and could be reinstated on remand. Therefore, Oviedo fails to satisfy the plain error standard of review. See id. Accordingly, the district court's judgment is AFFIRMED.