# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2010

No. 10-10073
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY DAVID ALLEN, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 2:08-CR-40-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jerry Allen, Jr., appeals the 60-month sentence imposed following his jury

conviction on one count of aiding and abetting the making of threats against the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

President of the United States in violation of 18 U.S.C. §§ 2 and 871 and one count of making threats against the President in violation of § 871. Allen contends that the district court plainly erred when it increased his base offense level pursuant to U.S.S.G. § 3A1.2(a) and (b). Because Allen did not object to the application of § 3A1.2(a) and (b) in the district court, our review is limited to plain error. *See United States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005).

Section 3A1.2 instructs the district court to apply the greatest offense level adjustment found in subsection (a), (b), or (c). The language of § 3A1.2 is plain and unambiguous and does not appear to be subject to interpretation. Therefore, the district court committed error that was clear or obvious when it enhanced Allen's base offense level pursuant to § 3A1.2(a) and (b). *See United States v. Leonard*, 157 F.3d 343, 345-46 (5th Cir. 1998) (finding plain error, even in the absence of controlling authority, where the pertinent guidelines were clear and unambiguous).

Had the district court properly applied § 3A1.2, Allen's guideline imprisonment range would have been 27-33 months instead of 37-46 months. The district court, however, did not base its sentencing decision on the guideline range. Instead, it imposed the statutory maximum term of imprisonment, a sentence above even the top end of the erroneous range, while commenting on the need to punish and deter Allen's continued criminal activity. Allen cites to no evidence in the record indicating that the court relied on the erroneous range or would not have imposed the same sentence absent the error. Further, there is substantial evidence supporting the upward variance. Because Allen has not shown that the court could not impose the same sentence on remand or that there is a reasonable probability that, but for the error, the sentence would have been lower, Allen cannot show plain error. *See United States v. Davis*, 602 F.3d 643, 648-52 (5th Cir. 2010).

Allen also contends that the sentence is substantively unreasonable be-

2

cause it is twice the correct guideline range and is based on a lengthy and extensive mental health condition suffered as a result of his being repeatedly molested as a child. Because Allen did not object to the reasonableness of his sentence after it was imposed, review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Contrary to his contention, Allen's disturbing personal history and mental health problems were not the basis for the decision to vary upwardly to the statutory maximum. The court's explanation at sentencing and its statement of reasons reflect that it based its decision on the § 3553(a) factors, including the nature and circumstances of the offense of conviction, Allen's history and characteristics, and the need to provide just punishment and to deter Allen from further criminal conduct.

Given the significant deference that is owed to a court's consideration of the § 3553(a) factors and the court's reasons for the sentence, Allen has not shown that the sentence was substantively unreasonable. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). This court has affirmed, as reasonable, variances similar to and greater than the increase in Allen's sentence. *See id.* at 348-50; *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008). Accordingly, the judgment of sentence is AFFIRMED.